UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

MARVIN LYNN NEESMITH,           )
                                )
    Movant,                     )
                                )
v.                              )     Case No. CV615-080
                                )              CR602-009
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )

## ORDER

Before the Court is the Magistrate Judge's recommendation that Marvin Neesmith's 28 U.S.C. § 2255 motion be dismissed as time-barred.[1] Doc. 54.[2] Neesmith objects, arguing that (1) his

---

[1] Neesmith argued that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies as an armed career criminal and is thus serving a sentence beyond the statutory maximum for an 18 U.S.C. § 922(g) (felon-in-possession of a firearm) conviction. Doc. 50 at 7. The Magistrate Judge found that his predicate convictions -- armed robbery, aggravated assault, and manufacturing marijuana (Presentence Investigation Report (PSI) ¶ 22) -- under the Armed Career Criminal Act (ACCA) remained valid regardless of *Johnson*. Doc. 54 at 4-5. Without *Johnson* to trigger § 2255(f)(3)'s one year limitations period, Neesmith had to rely on § 2255(f)(1), which runs the one year period from the date his conviction became final (September 3, 2003). Filed in 2015, his § 2255 motion fell over a decade beyond the time limit.

Neesmith filed an earlier § 2255 motion in 2003. Doc. 38. But the Court ultimately dismissed that case *without* prejudice. Doc. 42 at 10. Hence, his current § 2255 motion cannot be considered "second or successive." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014).

manufacturing marijuana convictions do not qualify as ACCA predicates because the word "purchase" is part of the Georgia crime, but not contained within the ACCA's definition of "serious drug offense;" (2) his armed robbery conviction qualifies as a predicate only under the now-defunct ACCA residual clause; and (3) the Court cannot substitute another prior conviction as a predicate without resentencing. Doc. 56 at 5-7.[3]

First, no matter the precise wording of Georgia's manufacturing marijuana statute, Neesmith's convictions (he has two) for that crime qualify as serious drug offenses. Marijuana is unquestionably a controlled substance, 18 U.S.C. § 924(e)(2)(A)(ii), and under O.C.G.A. § 16-13-30(j) (1994) (the state statute applicable at the time of his convictions), manufacturing it carried a maximum term of

---

[2] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[3] Neesmith also objects that his petition is timely because he filed it within one year of *Johnson*, which, he argues, is retroactive to cases on collateral review. Doc. 56 at 2-4. Although true that *Johnson* is, as of April 18, 2016, retroactive to both first and second or successive § 2255 motions, *see Welch v. United States*, ___ U.S. ___, 2016 WL 1551144 (Apr. 18, 2016) (*Johnson* applies retroactively); *In re Robinson*, ___ F.3d ___, No. 16-11304, *slip op.* at 2 (11th Cir. April 19, 2016) (*Welch* made *Johnson* retroactive and thus permits certification of second or successive motions under § 2244(b)(2)(A) and § 2255(h)), his motion remains untimely if *Johnson* does not apply to his predicate convictions. *See, e.g., Orr v. United States*, 2015 WL 9488112 at * 2 (S.D. Ga. Nov. 18, 2015).

2

imprisonment of at least 10 years. That's all § 924(e)(2)(A)(ii) requires for a state conviction to qualify as a "serious drug offense."

Second, Neesmith's armed robbery conviction served as one of *four* ACCA predicates the Court found. *See* PSI ¶ 22 (noting his prior convictions for armed robbery, aggravated assault, and manufacturing marijuana, of which he had two); doc. 48 at 5 (adopting the PSI in its entirety). Even if armed robbery qualifies as an ACCA predicate under the residual clause (and *Johnson* thereby invalidates it), he still has three other predicate convictions to support his enhancement, all of which fall under either the ACCA's "serious drug offense" (two manufacturing marijuana convictions) or "elements" clauses (aggravated assault),[4] neither of which *Johnson* addressed. *See, e.g.*, *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) ("elements" clause predicate convictions survive *Johnson*).

Finally, the Court need not decide whether it can substitute a prior conviction included in a PSI, but not specifically found to be a

---

[4] The "elements" clause categorizes as violent felonies those crimes that have "as an element the use, or attempted us, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1). Aggravated assault undeniably fits that bill. *See* O.C.G.A. § 16-5-21 ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . .").

3

violent felony under the ACCA, as a predicate for one that *Johnson* removed from consideration.[5] As discussed above, the Court found that four of Neesmith's prior convictions qualified as ACCA predicates.[6]

---

[5] Neesmith may well be right that doing so would constitute a due process violation, or at least contravene established Eleventh Circuit precedent. As that court recently stated:

> Predicate convictions include (1) a petitioner's prior convictions that the sentencing court relied upon in imposing the petitioner's ACCA enhancement; and (2) convictions that the government argued should count as ACCA predicate convictions and for which the government properly preserved an objection to the sentencing court's failure to identify them as such. The government bears the burden of objecting to a district court's decision not to rely on certain of a defendant's ACCA-qualifying convictions at sentencing to impose an ACCA enhancement. *United States v. Petite*, 703 F.3d 1290, 1292 n. 2 (11th Cir. 2013) *cert. denied*, —— U.S. ——, 134 S. Ct. 182, 187 L.Ed.2d 124 (2013). If the government fails to object to the district court's decision to rely on fewer than all ACCA-qualifying convictions, it waives any argument that a sentencing court's imposition of an ACCA enhancement is justified on the basis of an ACCA-qualifying conviction that the district court could have, but did not, rely on at sentencing. *Id.* In other words, the government may not substitute a new predicate offense for an invalid predicate offense for the first time on appeal where it failed to object to the sentencing court's decision not to rely on the new predicate offense at sentencing. *Id.* Similarly, we will not permit the government to swap out such unidentified ACCA predicate offenses in a petitioner's collateral attack on his ACCA enhancement. *Bryant* [*v. Warden, FCC Coleman-Medium*], 738 F.3d [1253,] 1279 [(11th Cir. 2013)].

*McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1250 n. 8 (11th Cir. 2016).

[6] Neesmith insists that "[t]he Government and R&R at sentencing, despite its numerous opportunities to do so, never suggested at any point that NeeSmith's 'burglary' or 'second manufacturing marijuana' conviction would be used to qualify him for ACCA enhancement purposes." Doc. 56 at 6. Whatever opportunities the Government had and failed to take, the PSI explicitly listed both of his manufacturing convictions and listed that crime as a predicate, while the sentencing judge equally explicitly adopted its findings, noted his arrest for distributing narcotics, and observed that "Neesmith has been selling drugs and

4

Dropping down to three -- which would happen if *Johnson* invalidated his armed robbery conviction -- has no effect on the validity of Neesmith's ACCA enhancement. *See* 18 U.S.C. § 924(e)(1) (requiring only three prior violent felony or serious drug offense convictions to qualify for an enhancement).

Hence, Neesmith's objections are **OVERRULED**, the Report and Recommendation of the Magistrate Judge (doc. 54) is **ADOPTED** as the opinion of the Court, and this case is **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

possessing firearms for the last twenty years." Doc. 48 at 5. Hence, the district "relied upon" his manufacturing marijuana convictions in imposing an ACCA enhancement. *McCarthan*, 811 F.3d at 1250 n. 8.